IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERIC CONRAD,

    Plaintiff;

v.

JACKSON COUNTY, a political subdivision of
the State of Oregon, and JACKSON COUNTY
MASTER GARDENER ASSOCIATION, an
unincorporated association;

    Defendants.

Case No. 1:13-cv-00756-CL

ORDER

CLARKE, Magistrate Judge.

    Plaintiff Eric Conrad ("Plaintiff") brings this negligence action against Jackson County (the "County") and the Jackson County Master Gardener Association (the "Association") (collectively, the "Defendants") for injuries he sustained after falling at an event hosted by the Association on County property. The parties executed written consent to entry of judgment by a United States Magistrate Judge (#13).

    Currently before the Court is the Association's motion for summary judgment (#46) as to Plaintiff's claims against both Defendants. For the reasons stated below, the Association's motion (#46) is GRANTED.

Page 1 – ORDER

## PRELIMINARY MATTER

On September 30, 2014, Plaintiff's counsel filed a memorandum (#51) in opposition to Defendants' motion for summary judgment along with a declaration (#52) of Plaintiff. The declaration was unsigned. Plaintiff's counsel stated (#50) he would update the record with a signed version by October 3. On October 3, Plaintiff's counsel filed a single page (#54) with the Court. It is entirely illegible. The Court contacted Plaintiff's counsel by e-mail and phone to request a full, signed, and legible copy of the declaration. Plaintiff's counsel responded that he would request a legible copy from his client. The Court has not yet received one.

FED. R. CIV. P. 56(c)(4) requires a declaration submitted in opposition to a motion for summary judgment to be made on personal knowledge, set forth facts that would be admissible in evidence, and show the declarant is competent to testify on the matters addressed therein. Additionally, 28 U.S.C. § 1746 requires a declarant to swear, under penalty of perjury, that the declaration's contents are "true and correct." A declaration is considered properly sworn when it is signed and dated. Id. Plaintiff's declaration is defective and invalid under these requirements. Without any legible signature, date, or certification, the declaration lacks the necessary indicia of truthfulness. Accordingly, its contents are inadmissible and cannot be considered in opposition to Defendants' motion for summary judgment. See FED. R. CIV. P. 56(c)(4); Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (evidence presented in opposition to a motion for summary judgment must be admissible); Elder-Keep v. Askamit, 460 F.3d 979, 984 (8th Cir. 2006) (trial court was authorized to exclude unsigned affidavits from its consideration of a summary judgment motion).

Moreover, even if the declaration was admissible, the sham affidavit rule prevents the Court from considering multiple assertions contained therein. Plaintiff's declaration conflicts

with excerpts of his deposition proffered by Defendants. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009) (quoting Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991)). This so-called sham affidavit rule upholds the integrity of FED. R. CIV. P. 56 and prevents a party from evading summary judgment through false factual disputes. Kennedy, 952 F.2d at 266 (internal quotation marks omitted); see also Van Asdale, 577 F.3d at 998 (stating that some form of the sham affidavit rule is necessary to maintain the principle that summary judgment is an integral part of the federal rules). The Ninth Circuit has warned the rule should be applied with caution "because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." Yeager v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012), cert. denied, 133 S. Ct. 2026 (2013), reh'g denied, 134 S. Ct. 33 (2013). Thus, in order to invoke the rule and strike an inconsistent affidavit, a trial court must make the factual determination that that the contradiction is, indeed, a sham. Id. Any inconsistency in the party's testimony must be clear and unambiguous. Id.

Statements in Plaintiff's declaration flatly contradict his earlier testimony. Specifically, in his declaration, Plaintiff states an unnamed Association member "told [Plaintiff] that [he] had tripped over a length of pipe that was embedded in the ground a few feet from where [Plaintiff] was then sitting." Conrad Decl. ¶ 2. He further describes two men "lifting that pipe out of the ground," removing it from the walkway, and telling Plaintiff he had tripped on it. Conrad Decl. ¶ 2. In his prior deposition, Plaintiff testified he was not sure where precisely the pipe was located or how it was situated when the bystanders picked it up. Mahady Decl. Ex. 1, at 17 (Conrad Dep. 132:19-25). No one told him the pipe was buried; rather, he assumed it was because there was

dirt on one end. Mahady Decl. Ex. 1, at 18 (Conrad Dep. 133:16-23). Plaintiff further testified that no member of the Association talked to him about how or why he fell. Mahady Decl. Ex. 1, at 24 (Conrad Dep. 148:16-21).

Both sets of statements cannot simultaneously be true. Bystanders either told Plaintiff the pipe was buried in the path or they did not. Plaintiff either knows where the pipe was located before bystanders picked it up or he does not. Plaintiff's declaration serves to contradict — not explain or clarify — his prior testimony. There is nothing to indicate that his declaration is based on some newly discovered evidence. Rather, like the deposition, the declaration recounts Plaintiff's existing memory of the incident. The Court could not consider these sham issues of fact even if the declaration was otherwise admissible.

## BACKGROUND

Given the inadmissibility of Plaintiff's declaration, the following facts are not in dispute.

In May 2011, Plaintiff was a vendor at the Jackson County Master Gardeners' Show. Compl. ¶ 2. The Association organized and managed the event, which was held at the County's fairgrounds. Compl. ¶ 1; Mahady Decl. Ex. 1, at 8 (Conrad Dep. 43:18-20). At dusk on May 7th, the first day of the show, Plaintiff exited a fairground building and walked up a cement ramp toward his car. Mahady Decl. Ex. 1, at 7, 13 (Conrad Dep. 42:13-21, 127:9-10). The next thing he knew, he was laying on the ground. Mahady Decl. Ex. 1, at 7 (Conrad Dep. 42:19-21). Plaintiff does not remember how, why, or where exactly he fell — whether he was still on the uphill ramp or whether he had begun to walk on the flat dirt path at the top of the ramp. Mahady Decl. Ex. 1, at 7-9, 14-15 (Conrad Dep. 42:22-43:6, 50:18-20, 128:16-129:2). He does not remember if he was watching where he was walking. Mahady Decl. Ex. 1, at 15 (Conrad Dep. 129:3-5). He does not remember whether the relatively hard wind or the waning sunlight made it

difficult to walk. Mahady Decl. Ex. 1, at 16 (Conrad Dep. 130:4-13). No witnesses to Plaintiff's fall have come forward with any details. Mahady Decl. Ex. 1, at 21-22 (Conrad Dep. 140:12-141:8).

Bystanders came to Plaintiff's assistance and pointed out a pipe on the ground somewhere in the vicinity. Mahady Decl. Ex. 1, at 17 (Conrad Dep. 132:8-18). The pipe was about six to eight feet long and had dirt on the bottom. Mahady Decl. Ex. 1, at 18 (Conrad Dep. 133:9-25). The first time Plaintiff saw the pipe, bystanders were holding it. Mahady Decl. Ex. 1, at 18 (Conrad Dep. 133:5-13). Plaintiff is unsure where precisely the pipe was located or how it was situated when the bystanders picked it up. Mahady Decl. Ex. 1, at 17 (Conrad Dep. 132:19-25). He does not know how long it had been there, who it belonged to, or who put it there. Mahady Decl Ex. 1, at 19-20 (Conrad Dep. 137:24-138:15).

A County groundskeeper arrived at the scene and saw the pipe. Mahady Decl. Ex. 2, at 3 (Smith Decl. ¶¶ 6, 9). The groundskeeper had previously walked the path at least two times that day and had not noticed the pipe or any tripping hazards. Mahady Decl Ex. 2, at 2-3 (Smith Decl. ¶¶ 4-6). An Association volunteer had walked through the scene of the accident that morning and on the two preceding days and had not noticed any hazards. Mahady Decl. Ex. 3, at 1 (Riding Decl. ¶ 3). No one had alerted the County or the Association to any hazards or pipes in the area where Plaintiff fell. Mahady Decl. Ex. 2, at 3 (Smith Decl. ¶ 10); Mahady Decl. Ex. 3, at 3 (Riding Decl. ¶ 4). Plaintiff had walked along the same path that morning to get from his parked car to the event building. Mahady Decl. Ex. 1, at 13-14 (Conrad Dep. 127:11-128:13). At that time, he did not notice any tripping hazards. Mahady Decl. Ex. 1, at 13-14 (Conrad Dep. 127:25-128:10).

The County groundskeeper has never seen a similar pipe used by the fairgrounds: the pipe was a metal irrigation pipe and the fairgrounds use PVC irrigation pipe. Mahady Decl. Ex. 2, at 3 (Smith Decl. ¶¶ 6-7). The Association did not bring any metal irrigation pipes to the event. Mahady Decl. Ex. 3, at 3 (Riding Decl. ¶ 5).

## STANDARD

Summary judgment is appropriate if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party fulfills its burden, the burden shifts to the non-moving party who must go beyond the pleadings to identify genuine issues of fact. Celotex Corp., 477 U.S. at 324. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by FED. R. CIV. P. 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

The court must view the evidence in the light most favorable to the nonmoving party. Szajer v. City of Los Angeles, 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party.

The County groundskeeper has never seen a similar pipe used by the fairgrounds: the pipe was a metal irrigation pipe and the fairgrounds use PVC irrigation pipe. Mahady Decl. Ex. 2, at 3 (Smith Decl. ¶¶ 6-7). The Association did not bring any metal irrigation pipes to the event. Mahady Decl. Ex. 3, at 3 (Riding Decl. ¶ 5).

## STANDARD

Summary judgment is appropriate if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party fulfills its burden, the burden shifts to the non-moving party who must go beyond the pleadings to identify genuine issues of fact. Celotex Corp., 477 U.S. at 324. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by FED. R. CIV. P. 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

The court must view the evidence in the light most favorable to the nonmoving party. Szajer v. City of Los Angeles, 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party.

Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Life Ins. Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981). However, facts must be "viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

Oregon law governs this diversity action. Maricopa County of State of Arizona v. Maberry, 555 F.2d 207, 210 (9th Cir. 1977) ("It is hornbook law that a federal court in a diversity case must follow the substantive law of the state where the incident occurred."). Under Oregon premises liability law, the duty that a proprietor owes to an entrant depends on whether the entrant is an invitee, licensee, or trespasser. Walsh v. C & K Market, Inc., 171 Or. App. 536, 539, 16 P.3d 1179 (2000). For the purposes of this motion, neither party disputes that Plaintiff was a business invitee of the annual Master Gardeners' show held at the Jackson County Fairgrounds. See Parker v. Hull Lumber & Plywood Co., 260 Or. 1, 8 (1971) (defining "invitee" as "one who comes upon the premises at the occupier's invitation, express or implied, upon business which concerns the occupier"). Accordingly, there is no dispute that Defendants had a duty to make the event grounds reasonably safe, exercise due diligence to discover unsafe conditions, and warn invitees of identified risks. Hughes v. Wilson, 345 Or. 491, 497 (2008) ("The common law imposes a general, nondiscretionary duty on landowners to make their property reasonably safe for their invitees."); Woolston v. Wells, 297 Or. 548, 557–58 (1984) (the possessor of land must exercise care "to discover conditions of the premises that create an

unreasonable risk of harm to the invitee" and either eliminate the condition creating the risk or warn invitees of the risk so they can avoid the harm).

An occupant of a business property may be held liable for injuries an invitee sustains from dangers the occupant knew about or, in the exercise of due care, should have known about. Mickel v. Haines Enterprises, Inc., 240 Or. 369, 371–72 (1965). It is well-established under Oregon law that a plaintiff in a slip-in-fall case must set forth facts establishing one of three alternatives:

> An invitee who is injured by slipping on a foreign substance on the floor of a business property, in order to recover from the occupant having control of the property, must show: (1) that the substance was placed there by the occupant, *or* (2) that the occupant knew that the substance was there and failed to use reasonable diligence to remove it *or* (3) that the foreign substance had been there for so long that the occupant should, in the exercise of reasonable diligence, have discovered and removed it.

Rex v. Albertson's, Inc., 102 Or. App. 178, 181 (1990) (quoting Van Den Bron v. Fred Meyer, Inc., 86 Or. App. 329, 331 (1987)). On the record currently before the Court, there is no evidence from which a jury could reasonably infer Defendants were negligent under any of these three theories of recovery.

## I. There Is No Evidence That Defendants Placed The Pipe In The Pathway.

Under the first theory of liability, plaintiff must establish "the [pipe] was placed there by [Defendants.]" Case law interprets "there" to mean the scene of the incident. See Swisher v. Albertson's, Inc., 186 Or. App. 734, 738 (2003) (analyzing whether defendant grocer placed lettuce on the bagging area floor where plaintiff fell); Griffin v. K.E. McKay's Market of Coos Bay, Inc., 125 Or. App. 448, 451–52 (1993) (discussing whether jury could infer defendant placed water on the floor where plaintiff fell by leaving an unattended dolly of bagged ice there); Pavlik v. Albertson's, Inc., 253 Or. 370, 373–74 (1969) (considering whether grocery employees

may have inadvertently deposited the leaf of lettuce on the floor where plaintiff fell). Here, Defendants submit evidence establishing not only that they did not place the pipe on the pathway where Plaintiff fell, but that they did not even introduce similar piping to the premises generally. A County groundskeeper testified he had not seen the specific pipe, or any similar pipe, on the fairgrounds before Plaintiff's fall. Mahady Decl. Ex. 2, at 3 (Smith Decl. ¶ 6). The groundskeeper explained that the fairgrounds use PVC irrigation pipes, not metal irrigation pipes like the one Plaintiff allegedly tripped over. Mahady Decl. Ex. 2, at 3 (Smith Decl. ¶ 7). A representative of the Association testified that the Association did not bring any similar pipes to the 2011 event. Mahady Decl. Ex. 3, at 3 (Riding Dep. ¶ 5). Plaintiff offers no evidence to dispute this testimony or to otherwise suggest Defendants were in any way responsible for the pipe's placement on the walkway. Thus, there is no triable issue of fact on this first alternative for slip-and-fall liability.

## II. There Is No Evidence Defendants Knew The Pipe Was There.

As for the second theory, Defendants submit declarations from representatives of the County and Association stating they were not aware that the pipe was on the path. Mahady Decl. Ex. 2, at 3 (Smith Decl. ¶ 6); Mahady Decl. Ex. 3, at 2-3 (Riding Decl. ¶¶ 3-4, 9). Plaintiff presents no contradictory evidence. Accordingly, there is no genuine dispute as to whether Defendants knew the pipe was on or near the walkway.

## III. There Is No Evidence Regarding How Long the Pipe Was On the Ground.

"In order for there to be a triable issue as to whether defendant's conduct did or did not meet the appropriate standard of care there must be evidence of defendant's conduct." Dubry v. Safeway Stores, Inc., 70 Or. App. 183, 186 (1984). The pipe's presence on the ground alone is not sufficient to impose liability. Id. at 188. While Defendants have a duty to invitees to keep

Page 9 – ORDER

grounds clean, they are not insurers of their condition. Id. Thus, to establish liability under the third theory of recovery, "there must be some evidence of how long the offending material was on the floor" to indicate Defendants breached their duty to invitees by failing to discover and remove it. Id. Oregon case law holds that "in the absence of proof from which a jury can draw an inference of how long the substance was on the floor, there is no basis to find defendant negligent." Weiskopf v. Safeway Stores, Inc., 271 Or. 630, 632 (1975).

Here, the only evidence before the Court that relates to duration of time is testimony that multiple people, including Plaintiff, walked on the path on the date of the incident and did not notice the pipe, paired with Plaintiff's testimony that the pipe was dirty on one end. In some cases, a plaintiff can survive summary judgment if a jury could reasonably infer from the condition of the substance that it had been on the ground for some time. Laygui v. Wal-Mart Stores, No. 6:13-cv-00327-AA, 2014 WL 3695536, at *3 (D. Or. 2014). For instance, in Audas v. Montgomery Ward, Inc., 79 Or. App. 718, 721 (1986), the Oregon Court of Appeals held a jury could reasonably infer a gooey puddle of liquid that had begun to dry and crust over had been on the floor for "more than a short time." Conversely, in Dubry, 70 Or. App. at 188-89, the Oregon Court of Appeals found the characteristics of a dry clump of unidentified leaves told little about how long it has been on the floor before a plaintiff slipped on it. Without some evidence regarding the leaves' previous character and location, why they had clumped together, or how they might have ended up on the floor, the Court found there was insufficient evidence to infer they had been on the floor for any length of time. Id. at 189. "At best, there [was] an equal probability that the leaves were on the floor for two seconds or for two hours." Id.

Here, the condition of the pipe is of little to no assistance in determining how long it was on the ground. Evidence that one end of the pipe was covered in dirt is inconclusive. The pipe

could have collected the dirt from sitting on the ground for a short period of time, from being partially embedded in the ground for a long time, or from some prior use before it was left in the vicinity. On the current record, a jury would have to speculate to find one option more likely than the other. Oregon courts do not permit liability findings rooted in such conjecture:

> What is required is evidence from which reasonable men may conclude that, upon the whole, it is more likely that there was negligence than that there was not. Where the conclusion is a matter of mere speculation or conjecture, or where the probabilities are at best evenly balanced between negligence and its absence, it becomes the duty of the court to direct the jury that the burden of proof has not been sustained.

Dubry, 70 Or. App. at 188 (quoting George v. Erickson's Supermarket, Inc., 236 Or. 64, 66 (1963)). Like the clump of leaves in Dubry, without any evidence as to the pipe's prior condition, location, or use and with no evidence regarding how the pipe might have arrived on the fairgrounds, a jury would not have a sufficient basis to find Defendants liable. In the absence of any evidence supporting the third theory of recovery — beyond the dirty pipe's presence on the ground — summary judgment is appropriate. See id.

### IV. There Is No Evidence Plaintiff Tripped Over The Pipe.

This case is unique in that Plaintiff does not remember tripping over the pipe that he now alleges caused his fall. Plaintiff's lack of memory is not dispositive. In Whalen v. American Medical Response Northwest, Inc., 256 Or. App. 278, 289 (2013), the Oregon Court of Appeals explicitly rejected the contention that a "plaintiff's inability to recall having been injured is a *per se* bar to prevailing on an associated tort claim." Plaintiff's testimony is not the only viable source of proof. Id. Circumstantial evidence may be sufficient to establish a causal connection so long as it affords a reasonable basis for the conclusion that Plaintiff more likely than not tripped over the pipe. See Holland v. United States, 348 U.S. 121, 137 (1954) ("Circumstantial evidence . . . is intrinsically no different from testimonial evidence."); Griffin, 125 Or. App. at 451-52 (in

order to establish causation, a plaintiff must give the jury a reasonable basis to conclude it is more likely than not that the conduct of the defendant was a substantial factor in the result). However, "[a] mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." Griffin, 125 Or. App. at 452 (quoting Eitel v. Times, Inc., 221 Or. 585, 594 (1960)).

Here, there is no evidence regarding where Plaintiff tripped or where the pipe was located. Accordingly, there is no reasonable basis to conclude the two locations are one and the same. At best, the possibility that Plaintiff tripped over the pipe is even with the possibility that he tripped over his own foot. In order to return a verdict for Plaintiff, a jury would have to speculate that the pipe was the more likely impetus for his fall. The law does not allow such guesswork. Simpson v. Hillman, 163 Or. 357, 364 (1940). On this record, there is no triable issue of fact regarding the cause of Plaintiff's fall.

## ORDER

For the reasons stated above, the Association's motion for summary judgment (#46) on Plaintiff's claims against both Defendants is GRANTED.

It is so ORDERED and DATED this _____ day of October 2014.

MARK D. CLARKE
United States Magistrate Judge